KENNARD, J., Dissenting.
One dry summer day, two teenagers lit a type of firecracker commonly known as a “cherry bomb” and threw it down a brush-covered hill. When the cherry bomb exploded, the brush caught fire. The teenagers who threw the cherry bomb (V.V. and J.H.) were captured and were later found guilty in juvenile court of arson of forest land. (Pen. Code, §451, subd. (c).)[1]
The majority here upholds the juvenile court’s finding. I disagree. As Justice Werdegar’s dissent (which I have signed) persuasively explains, the evidence is insufficient to show that V.V. and J.H. acted with malice, a necessary element of the crime of arson. Instead, they were guilty only of reckless fire setting (§ 452), which is a serious crime but not so serious as arson. I write to comment on the majority’s erroneous assertion that the fire started by V.V. and J.H. was not accidentally set.
As this court explained in People v. Atkins (2001) 25 Cal.4th 76.[104 Cal.Rptr.2d 738, 18 P.3d 660], California’s arson statute applies only to fires that are set deliberately, not to those set accidentally. The statutory requirement that the defendant act willfully and with malice, we said, “ensures that the setting of the fire must be a deliberate and intentional act, as distinguished from an accidental or unintentional ignition or act of setting a fire.” (Id. at p. 88.) By contrast, we said, the crime of reckless fire setting (§ 452) “covers reckless accidents or unintentional fires [caused by] a person who is ‘aware *1034 of and consciously disregards a substantial and unjustifiable risk that his or her act will set fire to, bum, or cause to bum a structure, forest land, or property.’ ” (Atkins, at p. 89, quoting §§ 450, subd. (f), 452.)
Here, the court commissioner hearing the matter expressly found that V.V. and J.H. did not intend to set the fire that resulted when the cherry bomb exploded on the hillside. Nevertheless, the majority concludes: “This was not an accidental or unintentional ignition.” (Maj. opn., ante, at p. 1032.) The majority’s only explanation for that bald assertion is to say that the facts here are comparable to those of U.S. v. Doe (9th Cir. 1998) 136 F.3d 631 (Doe), a case cited with approval in People v. Atkins, supra, 25 Cal.4th at page 88. In Doe, a juvenile intentionally set fire to several paper towels from a dispenser in a school restroom. Although she blew out the flame, sparks remained, which eventually set the building on fire. The federal court of appeals upheld the juvenile’s arson conviction, reasoning that she had acted maliciously because she “set the fire intentionally and without justification or lawful excuse.” (Doe, supra, at p. 635.)
But the facts here are not comparable to those of Doe, supra, 136 F.3d 631. The minor in Doe intentionally and illegally set fire to the school’s property (the paper towels) and the fire thereafter spread. Intentionally setting that fire was the illegal act that furnished the requisite malice to support the arson conviction in that case. Here, by contrast, V.V. and J.H. did not intentionally set a fire; they exploded a cherry bomb. That act, under the circumstances in which they did it, was criminally reckless, and it therefore violated section 452 (reckless fire setting). But because the fire that resulted from the explosion was accidental, they were not guilty of arson of forest land, the offense the court commissioner found them to have committed.
In short, V.V. and J.H. performed three intentional acts which, in combination, resulted in the hillside being set ablaze: (1) they lit a lighter; (2) they used the lighter to light the fuse to a cherry bomb; and (3) they flung the cherry bomb down the hillside just before it exploded. The first and second of these acts were innocuous and entirely proper, assuming it was legally permissible to use fireworks in the area where they were standing (an assumption unrebutted by the record in this case); the third act was criminally reckless. But by committing the third act, V.V. and J.H. did not deliberately set a fire. Although a fire resulted from that act, that fire was an accident: As V.V. told the police officer that questioned him, they set off the cherry bomb “□just to make a lot of noise.” They therefore did not act maliciously, and thus were not guilty of violating section 451’s subdivision (c) (arson of forest land).

 All statutory citations are to the Penal Code.